An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

CARLTON CARTER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64681

**FILED**

SEP 19 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

First, appellant Carlton Carter contends that the district court abused its discretion when it denied his motion in limine to preclude testimony from police officers and loss prevention officers identifying Carter as the suspect in a surveillance video. The district court granted the motion as to the police officers but denied the motion as to two loss prevention officers. At a hearing on the motion, the State represented that both loss prevention officers had seen the surveillance video of the suspect; recognized an individual at the store, later identified as Carter, as the suspect from the video; and had face-to-face interaction and conversation with Carter. Based on the facts represented to the district court at the time of the hearing, we conclude that the district court did not abuse its discretion. *See Whisler v. State*, 121 Nev. 401, 406, 116 P.3d 59, 62 (2005) (holding that "[a] district court's ruling on a motion in limine is reviewed for an abuse of discretion."); *Rossana v. State*, 113 Nev. 375, 380, 934 P.2d 1045, 1048 (1997) (providing that a lay witness may provide

14-31164

opinion testimony regarding the identity of a person depicted in a surveillance video "if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury." (internal citations omitted)).

Second, Carter argues that the district court erred by allowing the State to display his booking photo with the word "Guilty" superimposed on his forehead in a PowerPoint presentation during opening statement. Carter claims that his constitutional right to be presumed innocent until proven guilty was undermined by the PowerPoint presentation and that reversal is warranted. Carter did not object to the use of the presentation at trial, therefore we review for plain error. NRS 178.602; *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) ("In conducting plain error review, we must examine whether there was error, whether the error was plain or clear, and whether the error affected the defendant's substantial rights." (internal quotation marks omitted)).

We have recently held that the use of a PowerPoint presentation during opening statement that includes a slide of the defendant's booking photo with the word "GUILTY" superimposed across it is error. *Watters v. States*, 129 Nev. ___, ___, 313 P.3d 243, 248 (2013). Here, the State ended its opening statement and accompanying PowerPoint presentation with Carter's booking photo and the word "Guilty" written across his forehead. As we held in *Watters*, the use of such a slide undermines the presumption of innocence. *See id.* The State's use of the PowerPoint presentation with the incriminating slide was clear error. Furthermore, we cannot say the error did not affect Carter's substantial rights by causing actual prejudice or a miscarriage of justice. *Green*, 119 Nev. at 545, 80 P.3d at 95; *see also Watters*, 129 Nev.

at ___, 313 P.3d at 248-49 ("[I]n the presumption-of-innocence context, the actual impact of a particular practice on the judgment of jurors cannot always be fully determined." (internal quotations and alteration omitted)).

Accordingly, we

ORDER the judgment of conviction REVERSED AND REMAND for a new trial.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Michael Villani, District Judge
     Clark County Public Defender
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

_____

[1]Because of our resolution of this appeal, we decline to reach Carter's remaining contentions.